UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             Civil Action No.
                                                05-CV-72259-DT

vs.

                                                HON. BERNARD A. FRIEDMAN

ERIC E. BIRETTA,

       Defendant.
_____/

## **AMENDED ORDER REQUIRING ADDITIONAL EXHIBITS AND CITATIONS**

       This is a student loan case in which plaintiff has moved for summary judgment. The court has reviewed the file and the motion papers and concludes that a ruling on the motion cannot be made until the parties submit additional documentation, as specified below.

       First, plaintiff must submit all pages of the promissory note. Plaintiff has submitted the first page of an "Application/Promissory Note" signed by defendant on 2-19-88. Apparently additional pages follow, as Section IV refers to the interest rate "described on the reverse side hereof."

       Second, plaintiff must submit additional evidence of the loan amount. In Section II of the "Application/Promissory Note," defendant listed three student loans he was requesting the Student Loan Marketing Association to pay off. The total of these three loans is $21,100. However, in its summary judgment motion, plaintiff states that defendant borrowed $19,881. This discrepancy is not explained.

Third, plaintiff must submit documentation to support its statements that defendant consolidated his students loans in September 1988.

Fourth, defendant argues that the debt has been discharged, and yet he has submitted no documentation regarding his Chapter 7 bankruptcy action. At a minimum, defendant must provide the court with the docket sheet of that case along with a copy of each docket entry that supports his statement at page 1 of his response brief that "there is . . . a bankruptcy discharge, which prevents collection."

Fifth, defendant must provide the court with complete, correct citations for two cases cited in his response brief, *Bird* and *USA v. Rhodes*. The citations provided for these cases are incorrect. If defendant wants the court to review these cases, correct citations are needed.

This additional documentation is due within 45 days of the date of this order.

                                            s/Bernard A. Friedman_____

Dated: June 21, 2006                            BERNARD A. FRIEDMAN
   Detroit, Michigan                   CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

_____**/s/ Patricia Foster Hommel**_____
     **Patricia Foster Hommel
  Secretary to Chief Judge Friedman**